```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JAMES J. LAND, JR. AND          :
MICHAEL PESSIKI,                :
                                :
        Plaintiffs,             :   HONORABLE JOSEPH E. IRENAS
                                :   CIVIL ACTION NO. 11-4952 (JEI/AMD)
     v.                         :
                                :            **OPINION**
YARON HELMER, ESQ. AND          :
HELMER, PAUL, CONLEY &          :
KASSELMAN, PA,                  :
        Defendants.             :


**APPEARANCES:**

WEIR & PARTNERS LLP
By: Brett A. Datto, Esq.
457 Haddonfield Road, Suite 420
Cherry Hill, New Jersey 08002
        Counsel for Plaintiff

COZEN O'CONNOR
By: John P. Johnson, Jr., Esq.
457 Haddonfield Road, Suite 300
Cherry Hill, New Jersey 08002
        Counsel for Defendant


**IRENAS**, Senior District Judge:

   This matter arises out of a failed criminal prosecution of the Plaintiffs, who now bring a claim of malicious prosecution against the attorney alleged to have initiated the charges.[1] Presently before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion will be granted.

---

[1] The Court has subject matter jurisdiction based on the diversity of citizenship of the parties. *See* 28 U.S.C. § 1332.

I.

The following facts are alleged in the Complaint. Plaintiffs are former corporate officers of a bottled water company, Trident LLC ("Trident"), that contracted with NFI Industries, Inc, ("NFI"), a transportation company.[2] (Complaint at ¶¶ 18-20,32). From the outset, the parties' relationship was problematic: NFI continually overcharged while Trident issued five checks, among others, that failed to clear. (*Id*. at ¶¶ 40, 43, 45, 65). After six months of transporting water for Trident, NFI ceased delivery and sued Plaintiffs for breach of contract.[3] (*Id*. at ¶¶ 1, 66).

Shortly after filing the complaint, NFI reported the returned checks to the Vineland Police Department and the Cumberland County Prosecutor's Office ("CCPO"). (*Id*. at ¶¶ 72, 75). In both instances, officials declined to pursue charges because they considered the dispute a civil matter.[4] (*Id*. at ¶¶ 73, 77).

NFI consequently hired Defendants, Yaron Helmer and his firm, to help "navigate the criminal system in Cumberland

---

[2] The Complaint alleges a complicated and protracted contract negotiation, involving corporate restructuring and a confidentiality agreement, that is irrelevant to the present analysis. *See* Complaint at ¶¶ 16-33.

[3] NFI included others in the suit. It was dismissed with prejudice after three years. (Complaint at ¶ 1).

[4] In dismissing the complaint, the reviewing prosecutor wrote that the "Prosecutor's office is not in the business of operating as a collection agency on your company's behalf." (Complaint at ¶ 77).

County." (*Id*. at ¶ 79).  Helmer, a former Assistant Prosecutor in Cumberland, reviewed over 500 pages of documents and interviewed several NFI staff members.  (*Id*. at ¶ 83).  He subsequently emailed a then-active Assistant Prosecutor, (*id*. at ¶ 86), drafted an indictment, (*id*.), and went before a Grand Jury as the only witness, (*id*.), withholding exculpatory evidence, (*id*. at ¶ 95), and testifying to inaccurate contract negotiations.[5]  (*Id*. at ¶¶ 88-90)

The Grand Jury indicted Plaintiffs and Trident on ten charges.[6]  (*Id*. at ¶ 14).  Three months after arraignment, the case was dismissed with prejudice because of discovery violations.  (*Id*. at ¶ 15).  The prosecutor's office then sent Plaintiffs a follow-up letter stating that it would not appeal because "the manner of presentation to the Grand Jury was not proper and shall not be sanctioned or condoned," and "there does not exist a good faith basis to prove a criminal case beyond a reasonable doubt."  (*Id*. at ¶¶ 105-07).  Plaintiffs filed suit in this Court eleven months thereafter.  Defendants now enter the instant Motion.

---

[5] Additionally, a document was found in Helmer's file that was in an "altered state" compared to the copy found in NFI's possession.  (*Id*. at ¶ 85).  The document was not entered into evidence in the Grand Jury hearing.  (*Id*. at ¶ 87).

[6] Theft of services, conspiracy to commit theft of services, theft by deception, conspiracy to issue a bad check, and five counts of issuing bad checks. (Complaint at ¶ 14).

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the Court accepts as true all of the factual allegations contained in the complaint and any reasonable inferences that can be drawn therefrom. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

To survive a Motion to Dismiss, Plaintiffs must plead more than the mere possibility of relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The complaint must set out "'sufficient factual matter' to show that the claim is facially plausible..." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009)). If the complaint permits only an inference of the mere possibility of misconduct, it must be dismissed. *Id.* at 210-11.

## III.

Because the Complaint does not allege facts that give rise to an absence of probable cause, Plaintiffs fail to state a claim upon which relief can be granted.

Malicious prosecution is an avowedly disfavored cause of action. *Stolinski v. Pennypacker*, 772 F.Supp. 2d 626, (2011) (cataloging the numerous expressions of disfavor). To succeed, a plaintiff must prove that (1) the previous action was initiated

4

by the defendant; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably for the plaintiff. *Lind v. Schmid*, 67 N.J. 255, 262 (1975). "The essence of the cause of action is lack of probable cause, and the burden of proof rests on the plaintiff." *Id*. In the instant case, Plaintiffs fail to meet their burden.

Probable cause is defined as "reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious [person] in the belief that the accused is guilty of the offense with which he is charged." *Lind*, 67 N.J. at 236. In a suit for malicious prosecution, courts conduct an objective inquiry as to whether probable cause can be inferred from the facts known to the defendant at the time criminal charges were initiated. *Stolinksi,* 772 F.Supp. 2d at 642-43. To withstand the instant motion, therefore, the Complaint must allege those facts known to Helmer when he contacted CCPO, and those facts must lead the Court to conclude that a reasonably prudent person would not consider Plaintiffs guilty as charged.

The gravamen of the charges is the returned checks. New Jersey's bad check statute, N.J.S.A. § 2C:21-5, prohibits issuing a check for the payment of money where the issuer knows that it will not be honored by the drawee and the issuer fails to make good on the payment when notified of the check's failure. New

5

Jersey's legislature expanded the statute's reach by removing the requirement that the issuer have had an intent to defraud. *See* N.J.S.A. § 2A:111-15, *repealed by* L.1978, c. 95, § 2C:98-2, eff. Sept. 1, 1979. Case law interpreting the predecessor statute held that checks written solely for antecedent debts, such as the checks in dispute in the present case, could not serve as grounds for liability. *See, e.g., State v. Riccardo*, 32 N.J.Super. 89 (App. Div. 1954). Such holdings are no longer precedential. *State v. Kelm*, 289 N.J.Super. 55, 59 (1996) ("Cases involving the requirement of an intent to defraud under the old statute are irrelevant.").

In light of the expanded liability, Plaintiffs have not sufficiently alleged an absence of probable cause. The Complaint admits that Trident issued four bad checks, totaling $68,000, that were not reimbursed,[7] (Complaint at ¶¶ 57, 58); that it issued an earlier check for $100,000 that failed to clear, (*id.* at ¶ 45); that it failed to pay invoices in full (*id.* at ¶ 43); and that it was struggling to keep its zero balance account from default. (*Id.* at ¶ 60-64). Because the culpability required is only that of knowingly issuing a bad check, a reasonably prudent person in Helmer's position could suspect that Trident was criminally liable.

Analyzing the facts alleged in light of the wide reach of

---

[7] One of the five returned checks, numbered 3296, was reimbursed by subsequent payments. (Complaint at ¶ 49).

the statute, this Court finds that Plaintiffs fail to state a claim upon which relief can be granted.

**V.**

For the reasons stated above, Defendants' Motion to Dismiss will be granted.  An appropriate Order accompanies this Opinion.


Date: February 8th, 2012

                                            S/ Joseph E. Irenas

                                      JOSEPH E. IRENAS, S.U.S.D.J.